FILED
7/10/2023 9:07 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L002167
Calendar, R
23454737

FILED DATE: 7/10/2023 9:07 AM 2022L002167

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

MICHAEL CAREY,

Plaintiff,

v.

OFFICER BRENT LA HA, OFFICER GLENN DEVRIES, LT. JASON FORD and VILLAGE OF ORLAND PARK,

Defendants.

No. 2022 L 002167

## AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, MICHAEL CAREY, ("Plaintiff"), by and through his attorneys, GALLAGHER LAW OFFICES LLC, and for Complaint at Law against Defendants, THE VILLAGE OF ORLAND PARK, a municipal corporation, OFFICER BRENT LA HA, individually and in his official capacity; OFFICER GLENN DEVRIES, individually and in his official capacity; and LT. JASON FORD, individually and in his official capacity, states as follows:

## PARTIES

1. Defendant VIILLAGE OF ORLAND PARK is a municipal corporation within the County of Cook and is organized under the laws of the State of Illinois.

2. At all times relevant herein, Defendant VILLAGE OF ORLAND PARK, maintained, as a division of said Municipal Corporation, the Orland Park Police Department ("OPPD").

3. On March 7. 2021, Plaintiff MICHAEL CAREY ("Plaintiff' or "Michael") suffered serious injuries at the hands of Defendant OPPD Officers in the Village of Orland Park, County of Cook.

EXHIBIT A

FILED DATE: 7/10/2023 9:07 AM 2022L002167

4. On March 7, 2021, Plaintiff MICHAEL CAREY was a 41-year-old father of three and union member. Plaintiff was approximately 5'8" tall and weighed approximately 165 pounds. Plaintiff has never been convicted of a crime.

5. On March 7, 2021, Defendant OFFICER BRENT LA HA ("OFFICER LA HA"), while engaging in the complaining conduct, was acting under the color of the law and within the scope of his employment with the OPPD. OFFICER LA HA was approximately 6'2" tall and weighed approximately 250 pounds.

6. On March 7, 2021, Defendant OFFICER GLENN DEVRIES ("OFFICER DEVRIES") while engaging in the complaining conduct, was acting under the color of the law and within the scope of his employment with the OPPD. OFFICER DEVRIES was approximately 6'2" tall and weighed approximately 230 pounds.

7. On March 7, 2021, Defendant LT. JASON FORD ("LT. FORD"), while engaging in the complaining conduct, was acting under the color of the law and within the scope of his employment with the OPPD. LT. FORD was approximately 6'5" tall and weighed approximately 270 pounds.

**<u>FACTUAL ALLEGATIONS</u>**

8. Plaintiff MICHAEL CAREY was operating his motor vehicle in the area of 151st Street and LaGrange Road in the Village of Orland Park when an OPPD officer activated his vehicle's emergency lights. In response, Plaintiff complied and curbed his vehicle on 151st Street.

10. An OPPD officer approached Michael's vehicle and ordered that he provide his driver's license. Michael immediately complied without protest.

11. The OPPD officer conducted a background check on Michael which revealed that he had a valid driver's license, no outstanding warrants, and no officer safety alerts.

FILED DATE: 7/10/2023 9:07 AM 2022L002167

12. The OPPD officer suspected that Michael was under the influence of alcohol and ordered that he exit his vehicle. Michael immediately complied with the order to exit his vehicle without protest.

13. The OPPD officer requested that Michael voluntarily submit to field sobriety testing in order to determine if he was under the influence of alcohol. Michael agreed to participate in the testing without protest.

14. At or around this time, Defendants OFFICER LA HA and OFFICER DEVRIES arrived on the scene and were present during Michael's performance of the field sobriety tests. Michael complied with the Officer's orders to perform these tests without protest.

15. Plaintiff never verbally threatened any of the OPPD officers on scene, including Defendants OFFICER LA HA and OFFICER DEVRIES.

16. Plaintiff never raised his voice or cursed towards any of the OPPD officers on scene, including Defendants OFFICER LA HA and OFFICER DEVRIES.

17. Plaintiff never physically threatened any of the OPPD officers on scene, including Defendants OFFICER LA HA and OFFICER DEVRIES.

18. At the conclusion of these tests, Defendant OFFICER DEVRIES ordered that Michael place his hands behind his back, and Michael complied.

19. Within seconds, Defendants OFFICER LA HA and OFFICER DEVRIES violently took hold of Michael and slammed him against the hood of his vehicle. Michael was not resisting arrest, and Defendants' violent and excessive force was in no way justified.

20. Within seconds thereafter, Defendant OFFICER DEVRIES grabbed Michael around the neck area and violently slammed him face first to the pavement. Plaintiff was not resisting arrest and Defendant OFFICER DEVRIES' violent and excessive force was in no way

FILED DATE: 7/10/2023 9:07 AM 2022L002167

justified.

21. At that time, Michael was lying on his stomach with his arms under his body. Defendant OFFICER DEVRIES – and his entire body weight - was lying across Michael's back.

22. At that time, Defendant LT. FORD was kneeling next to Michael and forcefully held his head against the pavement.

23. At that time, Michael posed no physical threat to any of the OPPD officers, including the Defendants.

24. Within seconds thereafter, Defendant OFFICER LA HA used his taser to drive-stun Michael on at least four separate occasions.

25. At that time, Michael posed no physical threat to any of the OPPD officers, including the Defendants.

26. Within seconds thereafter, Defendant OFFICER LA HA violently punched Michael's face with a closed fist three separate times. Defendant OFFICER LA HA's punches came as LT. FORD continued to forcefully hold Michael's head against the pavement.

27. At the time Defendant OFFICER LA HA used the excessive force detailed above, Defendant LT. FORD was within inches of Michael and OFFICER LA HA and failed to intervene despite having a realistic opportunity to do so.

28. At the time the Defendants used the excessive force detailed above, Plaintiff had complied with multiple orders, had made no verbal threats, had made no physical threats, was not resisting arrest, and posed absolutely no risk to the Officers.

**COUNT I – Willful and Wanton Conduct – Excessive Force**
**(Plaintiff v. Defendant Officers La Ha and Devries)**

1-28. Plaintiff MICHAEL CAREY hereby adopts and re-alleges paragraphs 1 through 28 as though fully set forth herein.

FILED DATE: 7/10/2023 9:07 AM 2022L002167

29. On March 7, 2021, DEFENDANT OFFICERS LA HA and DEVRIES restrained Michael through the use of unreasonable and unlawful physical force.

30. On March 7, 2021, and at all relevant times, DEFENDANT OFFICERS LA HA and DEVRIES owed a duty to Plaintiff MICHAEL CAREY to refrain from willful and wanton misconduct, including the use of excessive force, during the performance of their duties as police officers.

31. On March 7, 2021, in breach of said duty, DEFENDANT OFFICERS LA HA and DEVRIES, were willful and wanton in one or more of the following respects:

a. With an utter indifference and conscious disregard for safety, Defendant Officers used a level of force that Defendants knew, or should have known, was excessive;

b. With an utter indifference and conscious disregard for safety, Defendant Officers grabbed, pushed, slammed, struck, and tased Plaintiff with force which was unreasonable in relationship to the threat of force posed by the Plaintiff;

c. With an utter indifference and conscious disregard for safety, Defendant Officers failed to use less dangerous means of restraining Plaintiff before using excessive force;

e. With an utter indifference and conscious disregard for safety, Defendant Officers failed to implement and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois;

g. Were otherwise willful and wanton.

32. As a direct and proximate result of the foregoing wrongful acts, Plaintiff MICHAEL CAREY suffered damages, including physical injuries and emotional distress, past and future pain and suffering, and was forced to incur past and future medical expenses.

WHEREFORE, Plaintiff MICHAEL CAREY, respectfully requests that this Court enter judgment against DEFENDANT OFFICER BRENT LA HA and OFFICER GLENN DEVRIES awarding compensatory and punitive damages in an amount in excess of fifty thousand dollars ($50,000.00), and any further relief this Court deems just.

FILED DATE: 7/10/2023 9:07 AM 2022L002167

**COUNT II – Willful and Wanton Conduct – Battery**
**(Plaintiff v. Defendant Officers La Ha and Devries)**

1-28. Plaintiff MICHAEL CAREY hereby adopts and re-alleges paragraphs 1 through 28 as though fully set forth herein.

29. The acts taken by the Defendant OFFICERS LA HA and DEVRIES against Plaintiff MICHAEL CAREY, including grabbing his person, slamming him on a vehicle, slamming him on the pavement, striking him, and tasing him, constituted harmful and unlawful touching of the Plaintiff's person.

30. These acts were conducted without Plaintiff's consent.

31. As a direct and proximate result of the foregoing wrongful acts, Plaintiff MICHAEL CAREY suffered damages, including physical injuries and emotional distress, past and future pain and suffering, and was forced to incur past and future medical expenses.

WHEREFORE, Plaintiff MICHAEL CAREY, respectfully requests that this Court enter judgment against DEFENDANT OFFICER BRENT LA HA and OFFICER GLENN DEVRIES awarding compensatory and punitive damages in an amount in excess of fifty thousand dollars ($50,000.00), and any further relief this Court deems just.

**COUNT III – Willful and Wanton Conduct – Failure to Intervene**
**(Plaintiff v. Defendant Lt. Ford)**

1-28. Plaintiff MICHAEL CAREY hereby adopts and re-alleges paragraphs 1 through 28 as though fully set forth herein.

29. The acts taken by Defendant OFFICERS LA HA and DEVRIES against Plaintiff MICHAEL CAREY, including grabbing his person, slamming him on a vehicle, slamming him on the pavement, striking him, and tasing him, constituted an unreasonable and unlawful use of physical force.

FILED DATE: 7/10/2023 9:07 AM 2022L002167

30. At the time Defendants used this unreasonable and unlawful physical force against PLAINTIFF MICHAEL CAREY, Defendant LT. FORD was in the immediate vicinity.

31. At the time Defendants used this unreasonable and unlawful physical force against PLAINTIFF MICHAEL CAREY, Defendant LT. FORD had a realistic opportunity to intervene.

32. At the time Defendants used this unreasonable and unlawful physical force against PLAINTIFF MICHAEL CAREY, Defendant LT. FORD had a duty to refrain from willful and wanton misconduct, including failing to intervene to prevent the use of excessive force against the Plaintiff.

33. At the time Defendants used this unreasonable and unlawful physical force against PLAINTIFF MICHAEL CAREY, Defendant LT. FORD breached that duty by failing to intervene to prevent the use of excessive force against the Plaintiff.

34. As a direct and proximate result of the foregoing wrongful acts, Plaintiff MICHAEL CAREY suffered damages, including physical injuries and emotional distress, past and future pain and suffering, and was forced to incur past and future medical expenses.

WHEREFORE, Plaintiff MICHAEL CAREY, respectfully requests that this Court enter judgment against Defendant LT. JASON FORD awarding compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00), and any further relief this Court deems just.

**COUNT IV – 42 U.S.C § 1983- Fourth and Fourteenth Amendments of the United States Constitution – Excessive Force**

1-28. Plaintiff MICHAEL CAREY hereby adopts and re-alleges paragraphs 1 through 28 as though fully set forth herein.

29. At the aforementioned time and place, Defendants OFFICER LA HA and DEVRIES, acting under color of law, did then and there grab his person, slam him on a vehicle, slam him on the pavement, strike him, and tasing him without reasonable cause, authority,

FILED DATE: 7/10/2023 9:07 AM 2022L002167

provocation or permission.

30. At the aforementioned time and place, Defendants OFFICER LA HA and DEVRIES, used greater force than was reasonably necessary to make the arrest of Plaintiff MICHAEL CAREY.

31. At the aforementioned time and place, OFFICER LA HA and DEVRIES CITY, exhibited a wanton, willful and deliberate indifference to Plaintiff MICHAEL CAREY's federally secured rights under the Fourth and Fourteenth Amendments of the United States Constitution.

32. As a direct and proximate result of the aforementioned events, Plaintiff MICHAEL CAREY sustained injuries of a personal and pecuniary nature in violation of his federally secured rights under the Fourth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff MICHAEL CAREY, respectfully requests that this Court enter judgment against DEFENDANT OFFICER BRENT LA HA and OFFICER GLENN DEVRIES awarding compensatory and punitive damages in an amount in excess of fifty thousand dollars ($50,000.00), and any further relief this Court deems just.

**COUNT V – 42 U.S.C § 1983- Fourth and Fourteenth Amendments of the United States Constitution – Failure to Intervene – Lt. Ford**

1-34. Plaintiff MICHAEL CAREY hereby adopts and re-alleges paragraphs 1 through 34 of Count III, as though fully set forth herein as paragraphs 1-34 of Count V.

WHEREFORE, Plaintiff MICHAEL CAREY, respectfully requests that this Court enter judgment against Defendant LT. JASON FORD awarding compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00), and any further relief this Court deems just.

**COUNT VI - State Law Claim for Respondeat Superior**

FILED DATE: 7/10/2023 9:07 AM 2022L002167

**(Against Defendant Village of Orland Park)**

1-28. Plaintiff MICHAEL CAREY hereby adopts and re-alleges paragraphs 1 through 28 as though fully set forth herein.

29. Defendants OFFICER BRENT LA HA, OFFICER GLENN DEVRIES and LT. JASON FORD were, at all times material to this Complaint, employees of the Defendant Village of Orland Park Police Department, were acting in the scope of their employment, and their acts, which violated state law, are directly chargeable to Defendant Village of Orland Park in its official capacity under state law pursuant to respondeat superior.

30. Defendant Village of Orland Park is liable as principal for all the torts committed by its agents.

WHEREFORE, Plaintiff MICHAEL CAREY, respectfully requests that this Court enter judgment against DEFENDANT VILLAGE OF ORLAND PARK awarding compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00), and any further relief this Court deems just.

**COUNT VII - Indemnification Claim pursuant to 745 ILCS 10/9-102**
**(Against Defendant Village of Orland Park)**

1-28. Plaintiff MICHAEL CAREY hereby adopts and re-alleges paragraphs 1 through 28 as though fully set forth herein.

29. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

30. Defendants OFFICER BRENT LA HA, OFFICER GLENN DEVRIES and LT. JASON FORD were employees of Defendant Village of Orland Park who acted within the scope of their employment in committing the misconduct described herein.

FILED DATE: 7/10/2023 9:07 AM 2022L002167

WHEREFORE, Plaintiff MICHAEL CAREY, respectfully requests that this Court enter judgment against DEFENDANT VILLAGE OF ORLAND PARK awarding compensatory damages in an amount in excess of fifty thousand dollars ($50,000.00), and any further relief this Court deems just.

Respectfully submitted,

By: ______________________________
One of Plaintiff's Attorneys

Michael L. Gallagher
GALLAGHER LAW OFFICES, LLC
161 N. Clark Street, Suite 3050
Chicago, IL 60601
(312) 910-5050
Firm No. 100714
mlg@gallagherinjurylaw.com